IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CYNTHIA H. MURRAH**                                                             **PLAINTIFF**

**V.**                          **CIVIL ACTION NO. 1:18CV69-RP**

**COMMISSIONER OF SOCIAL SECURITY**                      **DEFENDANT**

**ORDER GRANTING PAYMENT
OF ATTORNEY'S FEES AND EXPENSES**

Cynthia H. Murrah filed this civil action on April 18, 2018, to appeal the Commissioner's denial of disability benefits. This Court entered a Judgment dated December 12, 2018, that remanded the case to the Social Security Administration for further proceedings. Docket 15. On March 18, 2019, this Court granted Plaintiff an award of attorney's fees totaling $6,553.19 under the Equal Access to Justice Act (EAJA). Docket 18. Separately the Social Security Administration awarded plaintiff's counsel fees in the amount of $6,000.00. Docket 19, p. 3.

Counsel for Plaintiff has now filed the instant motion for attorney's fees under 42 U.S.C. § 406(b)(1). Docket 19. Counsel reports that Plaintiff was successful on remand in obtaining an award of past-due benefits and seeks an award of attorney's fees for services performed in Federal District Court in the amount of $7,633.81. *Id*. The Agency withheld a total of $19,787.00, twenty-five percent (25%) of the total of Plaintiff's past-due benefits, to pay her representative. *Id*. Counsel explains the $7,633.81 requested in the instant motion constitutes "a portion of the 25% fee for work before the agency and federal court" which altogether totals $19,787.00. *Id*. In its response, the Commissioner does not take a position on the reasonableness of the requested amount of $7,633.81, but it does request that the $6,000 fee for work performed at the administrative level be refunded to plaintiff. Docket 20.

1

Under § 406(b), when a court "renders a judgment favorable to a claimant ... who was represented before the court by an attorney," the court may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019) (quoting 42 U.S.C. § 406(b)(1)(A)).[1] "A contingency fee agreement to pay twenty-five percent of any past-due benefits awarded may set the amount of the Section 406(b) award so long as the amount is reasonable under the facts of the case." *Bays v. Comm'r of Soc. Sec.*, No. 3:15CV00053-JMV, 2017 WL 6499248, at *1 (N.D. Miss. Dec. 19, 2017) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002)).[2] Fees under both § 406(b) and the EAJA are recoverable, however, the attorney must refund the lesser fee to the claimant. *Id*.

In support of his motion, Mr. CarltonReynolds submitted the "Social Security Contract" signed by Plaintiff. Docket 19, Exhibit 2. The agreement states, "I understand that there will be no fee unless I get Social Security benefits. If I do get Social Security Benefits, the fee will be one-quarter or 25 percent of my back benefits. . . ."

---

[1] "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019).

[2] In *Gisbrecht*, the Supreme court noted:
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.
>
> *Id*. at 807-08, 122 S.Ct. at 1828, 152 L.Ed.2d 996 (internal citations and footnotes omitted).

*Id*. Counsel states that the amount he is requesting, $7,633.81 deducts the EAJA fee already awarded, and, thus, Plaintiff has been credited (as opposed to refunded) with the amount of the smaller fee.

While § 406(b) does not contain a specific time period for the filing of a request for attorney's fees, Federal Rule of Civil Procedure 54(d)(2) requires that the motion be filed "no later than 14 days after entry of judgment." *Pierce v. Barnhart*, 440 F.3d 657, 663 (5th Cir. 2006). It is within the Court's discretion to expand the deadline beyond 14 days; therefore, even if a request is made more than 14 days after the district court's order granting remand, a motion for attorney's fees can be timely when filed after the Agency awards benefits to the claimant on remand. *Tate v. Colvin*, No. 3:13CV904-DPJ-FKB, 2016 WL 744474, at *2 (S.D. Miss. Feb. 23, 2016) (citing *Pierce v. Barnhart*, 440 F.3d at 664). The Court notes that the instant motion was filed less than two months after the March 22, 2021 communication from the Office of Hearings Operations. Docket 19, Exhibit 6. Considering the circumstances, the Court finds that Counsel's request for fees was made within a reasonable time.

Finding that an award of fees is appropriate, the Court now turns to whether the amount requested is proper. Section 406(b) instructs courts to evaluate the reasonableness of fees yielded by attorney-client contingent-fee agreements, acting as an "independent check" on § 406(b) requests to assure that they satisfy the statutory requirement of yielding a "reasonable result" in particular cases. *Gisbrecht v. Barnhart*, 535 U.S. at 807-09. Taking the total request of fees withheld from the Agency from Plaintiff's past-due benefits, taken in conjunction with the EAJA award, it is clear that the fee is reasonable given that plaintiff's counsel has represented plaintiff for over seven (7) years including an administrative hearing, review and submission of many pages of medical records, an appeal to federal court and a remand to the agency.

Following analysis in *Bays v. Commissioner*, the Court evaluates the following factors in determining whether this fee is reasonable. *Bays v. Comm'r of Soc. Sec.*, 2017 WL 6499248 (N.D. Miss. Dec. 19, 2017). The Court first considers that Counsel has presented a contingency-fee agreement signed by Plaintiff, wherein Plaintiff acknowledges that her attorney will seek payment of attorney fees from past-due benefits awarded for representing her in federal court. Second, the Court notes that Counsel successfully appealed Plaintiff's case to this Court and on remand before the Agency. Third, the Fifth Circuit and district courts in this Circuit have acknowledged the high risk of loss inherent in Social Security appeals. *Id*. at *2 (citing *Jeter v. Astrue*, 622 F.3d 371, 379 & n. 9 (5th Cir. 2010)). Fourth, Plaintiff's counsel is an experienced Social Security attorney and there is no indication of undue delay in the record on his part. Finally, the § 406(b) fee requested, in conjunction with total EAJA fee which has been credited to Plaintiff in calculating the fee requested herein, amounts to approximately 25% of Plaintiff's past-due benefits. This amount is within the statutory limit imposed by § 406(b)(1)(A).

Combined with the $6,000 administrative fee, Plaintiff's counsel is due to receive the entire withheld amount of $19,787.00– equivalent to 25% of past-due benefits – as bargained for in the employment contract. For the foregoing reasons, Plaintiff's Motion for Award of Attorney Fees under to 42 U.S.C.§ 406(b) is **GRANTED.** Plaintiff's counsel is awarded $7,633.81, which is to be paid from Plaintiff's past-due benefits withheld by the Agency. Because Plaintiff's counsel credited the amount of the EAJA fees amount already received in seeking this award, the court will not require that counsel for Plaintiff reimburse Plaintiff any amount, and any remaining balance of Plaintiff's past-due benefits withheld by the Agency shall be paid to Plaintiff.

**SO ORDERED**, this the 13th day of May, 2021.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE